■ In the Matter of STEVE W. STEPNOSKI, Doing Business as STEVE W. STEPNOSKI MOTOR TRANSPORTATION, Petitioner against BENJAMIN F. FEINBERG et al., Constituting the Public Service Commission of the State of New York, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the Public Service Commission which revoked petitioner's certificate of public convenience and necessity as a common carrier of property by motor vehicle. By subdivision 1 of section 63-q of the Public Service Law, the commission was authorized, upon application of the holder, or upon complaint, or on its own initiative, and after notice and hearing, to revoke any such certificate " for failure to comply with any provisions of this article, or with any lawful order, rule, or regulation of the commission promulgated hereunder, or with any term, condition or limitation of such certificate ". The failure of compliance found by the commission was, in essence, petitioner's omission " to provide safe and adequate service, equipment, and facilities for the transportation of property ", as required by subdivision 1 of section 63-s of the Public Service Law. The commission contends that the proof shows that petitioner's operations are no longer those of a generalized commodities carrier but that he has, in effect, abandoned that business and confined his activities to those of a specialized carrier of agricultural commodities, his intrastate operation being exempt from regulation under the Public Service Law (§ 63-i, subd. 3, par. [f]) and his interstate operation being licensed by the Interstate Commerce Commission. There was proof that while the gross income of petitioner's business in 1956 was $87,519, he handled but one shipment of general commodities under his Public Service Commission certificate, for which his charge was $10.30 or slightly more than 1/100th of 1% of his gross income for the year. In other years there were corresponding shipments and charges as follows: 1954 — 4 shipments — $47.29; 1955 — 4 shipments — $60.71; 1957 (6 mos.) — 2 shipments — $30.90. There was ample evidence that his equipment was primarily designed and best fitted for the transportation of agricultural commodities; that the pattern of his operation was such as to discourage the carriage of other commodities; and that his terminal and call facilities and his advertising, if not such as to discourage the business of general commodities transportation, at least did not encourage it or serve to hold petitioner out to the public as providing that service. The determination was thus supported by substantial evidence. We find no support in petitioner's brief or elsewhere for his contention that section 63-q of the Public Service Law is unconstitutional as violative of due process under the Federal Constitution and that of this State. Determination unanimously confirmed, with $50 costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.